IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Jennefer Lowrance,**  *Plaintiff,*  v.  **Wiz Key Enterprises, LLC**  *Defendant.* | **COMPLAINT** |

Jennefer Lowrance ("Plaintiff") brings this suit against Wiz Key Enterprises, LLC d/b/a Best Burger Barn ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA") and 29 U.S.C. § 7434.

## I.   NATURE OF SUIT

1. Congress passed the Fair Labor Standards Act in 1938 in an effort to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, prohibiting an employee from working more than forty (40) hours in a single workweek without the payment of a premium or "overtime" rate, as well as other protections for employees. The FLSA does not prohibit overtime—but rather, by imposing a premium rate for overtime, the FLSA discourages working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

2. Plaintiff worked for Defendant as an "independent contractor." However, Plaintiff was an employee of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and was thus misclassified.

3. Plaintiff routinely worked in excess of forty (40) hours in a single workweek.

4. Plaintiff was not paid a premium or overtime rate—one-and-one-half times her regular rate—for all hours worked in excess of forty (40) per workweek.

5. Plaintiff did not perform work that would qualify as exempt under the FLSA.

6. Accordingly, Plaintiff brings this action to recover all unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for under Section 216(b) of the FLSA.

7. Moreover, by deliberately misclassifying Plaintiff as an "independent contractor," Defendant Wiz Key intentionally filed fraudulent information returns in violation of 26 U.S.C. § 7434. Thus, based upon its misclassification of its workforce as independent contractors, Defendant knowingly filed fraudulent tax information in violation of 26 U.S.C. § 7434.

8. Defendant intentionally and unlawfully misclassified Plaintiff as an "independent contractor" to avoid paying Plaintiff her rightfully earned wages, including overtime wages, pursuant to the FLSA.

9. Defendant Wiz Key's misclassification of Plaintiff as an "independent contractor" required Plaintiff to incur additional taxation.

10. Accordingly, Plaintiff also seeks to recover statutory damages, attorneys' fees, and costs as provided for under 26 U.S.C. § 7434.

## II.   PARTIES

11. Plaintiff, Jennefer Lowrance, is an individual and resident of Texas. Plaintiff was employed by Defendant within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendant as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the attached notice of consent.

12. At all times hereinafter mentioned, Plaintiff was Defendant's employee who was

engaged in commerce or in the production of goods for commerce as required by the FLSA.

13. Defendant, Wiz Key Enterprises LLC, is a limited liability company formed under the laws of Texas and doing business as Best Burger Barn. Defendant operates a restaurant chain commonly known as Best Burger Barn with several locations in Texas. Defendant can be served with process by serving its registered agent, Rick L. Rambo, at 856 E Renfro Street, Burleson, Texas 76028.

### III. JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* and 26 U.S.C. § 7434. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

15. This Court has personal jurisdiction over Defendant because Defendant is doing business in Texas. Moreover, Defendant is employing Texas residents, including Plaintiff, to work at Defendant's restaurants located in Texas.

16. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 because Defendant is deemed to reside in the Northern District of Texas, Dallas Division. Moreover, Venue is proper in Northern District of Texas because a substantial part of the events or omissions giving rise to the claims asserted occurred in Johnson County, Texas, which is within this district and division.

### IV. COVERAGE UNDER THE FLSA

17. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

18. At all relevant times, Wiz Key Enterprises LLC has been an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all relevant times, Plaintiff was an "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

20. As part of her employment, Plaintiff handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. In addition, Plaintiff regularly served customers dining at Defendant's restaurants who were traveling from out-of-state or across interstate lines. Finally, Plaintiff regularly and frequently processed multiple interstate credit card transactions during every shift she worked.

## V.   FACTS

21. From approximately December of 2017 until March of 2018, Defendant employed Plaintiff Jennefer Lowrance to work as a server at Defendant's location in Burleson, Texas, and paid Plaintiff an hourly wage.

22. From approximately March of 2018 until March of 2020 Defendant employed Plaintiff to work as a cook and a server at Defendant's location in Egan, Texas, and paid Plaintiff an hourly wage.

23. From approximately March of 2020 until August of 2020, Defendant employed Plaintiff to work in various job titles—"kitchen manager", "assistant manager", and "general manager"—at Defendant's location in Acton, Texas, and paid Plaintiff a salary.

24. During Plaintiff's employment, she performed job duties such as cooking, cleaning, taking and delivering customer orders, and completing opening and closing duties, such as balancing the cash drawer.

25. Defendant employed Plaintiff within the three (3) year period preceding the filing of this lawsuit and classified her as an "independent contractor" while working for Defendant. In practice, Plaintiff was subject to a host of rules set by Defendant and was controlled by Defendant in all aspects of her work.

26. Defendant exerted sufficient control over significant aspects of Plaintiff's employment, including determining her rate of pay, implementing payment policies, and setting Plaintiff's work schedule.

27. Plaintiff conducted her day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendant. Plaintiff's daily and weekly activities are routine and largely governed by standardized policies and procedures that were created by Defendant.

28. Plaintiff was subject to discipline, including verbal reprimands, if she failed to follow the rules and regulations set forth by Defendant.

29. The equipment and supplies used by Plaintiff to perform her job duties—such as, the point-of-sale system, dining room furniture, grills, trays, pens, and food—were provided by Defendant.

30. The work performed by Plaintiff was an integral part of Defendant's business as a

chain of restaurants providing customer service and meals to customers.

31. Defendant provided Plaintiff with a uniform, including a Best Burger Barn t-shirt and face covering, which she was required to wear while working at Defendant's business locations.

32. Defendant set Plaintiff's work schedule and coordinated the hours and days worked by Plaintiff.

33. During her employment as an assistant manager, Plaintiff regularly worked more than fifty-five (55) hours in each workweek. However, Plaintiff was paid a salary for all hours worked after forty (40) hours in each workweek. In fact, it was Defendant's pattern and practice to require Plaintiff to work a minimum of forty-five (45) hours per workweek.

34. During the time she was paid a salary, if Plaintiff did not work at least forty-five (45) hours each workweek, Defendant reduced her "salary", and instead paid her an hourly wage rate of $11.11.  If Plaintiff worked more than forty-five (45) hours, she was not paid any additional amounts above her "salary" pay.

35. In other words, while paying Plaintiff a salary, Defendant did not pay Plaintiff one-and-one-half times her regular rate for the hours Plaintiff worked over forty (40) in a single workweek.

36. Additionally, Defendant intentionally misclassified Plaintiff as an "independent contractor" to avoid paying Plaintiff her wages, including overtime wages, pursuant to the FLSA, and to avoid paying its share of the employment tax owed on the wages earned by Plaintiff.

37. Defendant's method of paying Plaintiff in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

38. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on good-faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

39. Defendant is an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendant failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

## VI. CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40. The foregoing paragraphs are fully incorporated herein.

41. At all material times, Plaintiff was Defendant's employee as defined by the FLSA.

42. At all times during her employment, Plaintiff was a non-exempt employee for purposes of overtime under the FLSA.

43. From March 2020 until August 2020, Defendant paid Plaintiff a salary, and therefore, Defendant violated Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay Plaintiff at a rate of not less than one-and-one-half times her regular rate for every hour worked over forty (40) in each workweek.

44. Plaintiff's regular rate must include all compensation, bonuses, and other

7

remuneration paid by Defendant for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

45. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendant or Plaintiff.

### VII. CAUSE OF ACTION NO. 2: VIOLATION OF 26 U.S.C. § 7434

46. The foregoing paragraphs are fully incorporated herein.

47. During Plaintiff's employment, Plaintiff was improperly classified as an "independent contractor" rather than an employee.

48. Defendant intentionally misclassified Plaintiff as an "independent contractor" to avoid complying with Federal and state laws, including the FLSA, and to avoid paying Federal payroll taxes and state unemployment taxes.

49. Defendant willfully issued Plaintiff a 1099-MISC each year during her employment even though Plaintiff was legally Defendant's employee.

50. Accordingly, the 1099-MISC forms issued by Defendant for the wages it paid Plaintiff during Plaintiff's employment constitutes a fraudulent information return.

51. Defendant filed fraudulent information returns with respect to Plaintiff in bad faith so that Defendant could avoid imposition of additional taxation. As a result, Plaintiff incurred additional taxes that should otherwise have been paid by Defendant.

52. Accordingly, pursuant to 26 U.S.C. § 7434, Plaintiff is entitled to recover the greater of $5,000.00 or the sum of actual damages Plaintiff sustained by Defendant's unlawful conduct for each year of her employment beginning in December of 2017 and ending in March of 2020 in which she was unlawfully misclassified as an "independent contractor." In addition,

Plaintiff is entitled to her attorneys' fees and costs pursuant to 26 U.S.C. § 7434.

### VIII.   DAMAGES SOUGHT

53. The foregoing paragraphs are fully incorporated herein.

54. Plaintiff is entitled to recover compensation for the hours worked over forty (40) in a single workweek, but for which Plaintiff was not paid at one-and-one-half times her regular rate. The regular rate shall include all remuneration paid by Defendant. *See* 29 C.F.R. 778.208.

55. Plaintiff is also entitled to an amount equal to all of the unpaid overtime wages as liquidated damages as Defendant's actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

56. Plaintiff is entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

57. Plaintiff is entitled to recover the greater of $5,000.00 or the sum of her actual damages for each fraudulent tax filing Defendant filed with respect to Plaintiff, plus her attorneys' fees and costs pursuant to 26 U.S.C. § 7434.

### IX.   JURY DEMAND

58. Plaintiff demands a trial by jury on all triable issues.

### X.   PRAYER

59. Plaintiff prays for judgment against Defendant as follows:

   a. For an order pursuant to Section 216 of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid overtime wages due to Plaintiff;

   b. For an order pursuant to 26 U.S.C. § 7434 finding Defendant liable for filing fraudulent tax information with respect to Plaintiff and awarding Plaintiff the greater of: $5,000 for each filing or the damages sustained as a proximate result of Defendant's filings;

   c. For an order awarding Plaintiff all attorneys' fees incurred;

d. For an order awarding Plaintiff all costs and expenses incurred in pursuing this action;

e. For an order awarding Plaintiff an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

f. For an order granting any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
      Drew N. Herrmann
      Texas Bar No. 24086523
      *drew@herrmannlaw.com*
      Pamela G. Herrmann
      Texas Bar No. 24104030
      *pamela@herrmannlaw.com*

      **HERRMANN LAW, PLLC**
      801 Cherry St., Suite 2365
      Fort Worth, TX 76102
      Phone: 817-479-9229
      Fax: 817-840-5102

      ATTORNEYS FOR PLAINTIFF